morning your honors my name is Randall Stroud this is my first time in the Fourth Circuit I'm accompanied by my wife Georgina Araneta who's also my law partner she has appeared before you before and we are also accompanied by mr. and mrs. Moore who are the plaintiffs in this action they are back over here and just to be clear up front also the family of opposing counsel is in the courtroom as well visiting today so you have a big audience for this case mr. mrs. Moore were married in 2006 mr. Moore is a u.s. citizen his wife is a citizen of Jamaica he filed a petition with USC is called an i-130 petition under 8 USC 1154 a to sponsor his wife for permanent residence in the United States two months after he filed a petition Congress passed the Adam Walsh Act which amended 1154 a to say that people with certain convictions specified offenses against minors may not file an i-130 petition eventually USC is denied the case claiming the Adam Walsh Act is the reason we maintain the whole time the Adam Walsh Act did not apply to the i-130 petition because it had been filed before the Adam Walsh Act was passed and the limitation from the Adam Walsh Act on certain individuals applied to who may file we spent 11 years in exhausting our administrative remedies constantly arguing the act to not apply to previously filed petitions so this is a case of first impression for this court the only case we found that came out after we filed the district court action is a Gephardt case from the Ninth Circuit where would we be creating a wouldn't we be creating a conflict with the Ninth Circuit if we you would be creating a conflict with the Ninth Circuit but I think you would be doing so consistent with established Fourth Circuit principles that the plain language of the statute is where your analysis stops because the Ninth Circuit did four things correct it said that the district court well the case is here because the defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim citing the Adam Walsh Act as the reason and so the Ninth Circuit held that the court has jurisdiction to review an I-130 petition in fact this court held that also in the LeBlanc versus Holder case and said that jurisdiction lies to review an I-130 in the district court under the Administrative Procedures Act the Ninth Circuit held that they didn't have to defer to agency interpretation because they were just doing the plain language of the of the amendment the Ninth Circuit held there's a predicate legal question for the court the court has to first determine did the Adam Walsh Act apply to a petition that had already been filed and paid for and that was still pending when the law was passed the Adam Walsh Act the Ninth Circuit said if you read the plain language of the amendment which amends 1154 a as to who may file a petition then it gives you the conclusion that previously filed petitions are valid and that they and it should have been adjudicated properly and it should have been approved but the Ninth Circuit didn't stop there which is where I believe the Fourth Circuit would have stopped every time because as soon as you get to plain language being clear and not obscure you don't defer to the agency and you don't move on in interpretation this case correct me if I'm not remembering it correctly isn't there a threshold question the district court said that did not have jurisdiction so it did not reach the merits the jurors the district court basically answered the question of whether the Adam Walsh Act applied to the case without any analysis and then use the sole and unreviewable discretion language contained in the Adam Walsh Act to say that it didn't have jurisdiction to hear the case that's so don't we have a threshold question here is whether or not the district courts jurisdictional ruling was correct because if there's no jurisdiction then you never reach the merits okay and I believe it's the same argument because if the Adam Walsh Act did apply to but if the Adam Walsh Act does not apply to previously filed I-130 petitions then the court does have jurisdiction under the APA in the federal question issue to review the denial of an I-130 and every circuit that's looked at that question can a district court review an I-130 denial or a BIA denial of an I-130 every circuit court including this one has said yes the district court has I-130 because 1154 paragraph B directs USCIS and says you shall issue there's no discretion in the decision of an I-130 petition it is reviewable by the court the only time discretion comes into play is in an Adam Walsh situation where they added language that said someone convicted of a specified offense against a minor may not file I-130 petition unless they prove to the secretary in their sole and unreviewable discretion that the petitioner poses no harm or risk to the beneficiary now that's the only language that you left off the clause that I think is material okay with respect to whom a petition described in clause one is filed your view doesn't apply because filed is a and this applies to and the Ninth Circuit construed filed to mean filed and the process that follows and this exception assumes that it has been filed the discretion is is is applied at that point and I'm not sure you get that very plain language argument that you're making in view of the tension between one and eight well that's what the Ninth Circuit said they said they would be surplus they did a little different they they basically sort of suggested Congress didn't quite mean what it said and in just filing that it meant more but there is a linguistic support for that in the statute which is eight that it applies to petitions that have been filed the discretionary finding yes but still only get it's that clause that you left off with respect to whom the petition scribe clause one is filed right my argument is that you don't even reach that clause unless the Adam Walsh act was intended to apply to petitions because it presumes that it has been filed presumes that one can be filed which is what the Ninth Circuit also said but I don't think that means Congress had could have written this the statute many different ways if they just wanted they can run across that a lot right they could have just said deny all petitions filed by specified offenders and look how easy it is to say it's how easy would be to write and how easy they could have put it in paragraph C which is where they say Congress did what they're supposed to do and writing statutes we probably halfway out of business I appreciate that but why is it a retroactive application to have the Walsh act amendments apply to pending petitions because I think Congress went out of its way to amend that part of the we call it the INA but the 1154 a why wouldn't it be prospective because the pending petitions have not yet been adjudicated because they chose to amend the words who may file they they could in C paragraph C there's a thing that says oh no petition shall be approved if these conditions are met if the person engaged in a sham marriage or used to be limitations on orphan petitions they could have put it right there deny any petition that that was filed by a specified offender but they didn't they sort of stood on their head and went to the more complicated amendment to say who may file and I think there are a lot of equitable reasons why Congress would have done that as well it would be absurd for Congress to be prohibiting the doing of a purely ministerial act of filing they I mean I wouldn't think there would be many statutes that would say no you can't even go into the clerk's office and file a petition so I don't I don't interpret the word file to prohibit filing in the sense of a ministerial act I don't it wouldn't make sense to me but on a larger on a larger scale Congress met with these out of Walsh Act amendments it seems to me to do two things one on the merits they wanted to impose restrictions on the ability of persons convicted of sex offenses with minors to take advantage of the grace provisions in the immigration laws that this was a obvious Congress in the out of Walsh Act before and after the amendment regarded persons convicted of sex offenses with minors as a very serious matter and then the second thing Congress wants to do is they want to shut off judicial review of discretionary acts by the Director of Homeland Security and deciding whether a sex offender is a risk to a prospective partner who wants to file one of these I-30 petitions that would seem to be in the very heartland of discretionary decisions I agree and so if you look at what Congress is trying to do both with respect to sex offenders with minors and also with respect to limiting judicial review of discretionary decisions that doesn't and doesn't help you but on your second point the only discretion in the I-130 statutory scheme is only on that last point about if someone qualifies as a specified offender does he pose a risk that's the only time they're sold an unreviewable discretionary it is discretionary and but the Adam Walsh Act has to apply before they even get to the question of whether that petitioner in this case mr. Moore is barred from filing a petition for his wife but if I can go back to your first point you're right the reason for the act you don't want sexual predators to preying on you know but mrs. Moore because mrs. Moore and those relatives are already married they're already in the family those are the women that the act is supposed to protect but suddenly telling them they can't stay in the United States anymore and breaking up their existing marriage marriages with kids then Congress would be doing the opposite of what it claims it's trying to do which is to help and women from being hurt by being brought in but they're also trying to help those women who are here already in the we're in the class of people intended to get benefit from this act we have lots of cases in the Supreme Court has cases that say in the administrative setting it's the rules that are in effect at the time of the adjudication that are the applicable rules why is this any because they chose to amend the words who may file and that's the sole distinction your argument is that a subsection or sub subsection one little I restricts only the filing aspect that with a class of people who may file Wow yeah and that and filing is the actually the submission of a paper to the agency and paying a fee right and that's your argument that it's restricted to that but then you go to the little viii little eight it is part of the Adam Walsh Act also and it relates to not only it relates to petitions that have been filed and it's in that very same statute that talks about filed and Congress surely in passing the Adam Walsh Act did not want to regulate the filing of papers they were trying to regulate persons who were in the system who posed a risk to children and that's reflected in eight sub subsection eight and that's my goes back to the question I asked you earlier how do we handle that where it says with respect to petitions that have have been filed right well that it's it's one of Congress's mysteries you know they and I think you can derive some common sense from the two provisions which are intentional with each other by suggesting that what they were after is to try to apply the purposes of the act to people filing petitions and pursuing petitions because it says petitions that have been filed and one thing with immigration law to is I'm reluctant to create a circuit conflict with another circuit especially a circuit that handles so many immigration cases because that just makes work for the Supreme Court and everything that's not to say that you you know when you feel another circuit is really wrong of course you create a circuit conflict but I'm just not convinced that that's the case here and when you combine what seemed to be Congress's obvious purposes with the Ninth Circuit decision and the sort of desirability of not gratuitously creating a conflict I guess my only response to that is I can't imagine there's another couple out there that has kept an I-130 petition alive for 13 years we were shocked when we saw the Gephardt case came out after we had filed our petition but there was at least one other couple somewhere so the extent you create any conflict it's on an issue that's going to be dead right after you issued the opinion you create a conflict somewhere else thank you you've also got some more time for rebuttal miss Warlick we're happy to hear from you thank you your honor may it please the court my name is Laurie Warlick and I am here on behalf of the government defendants as my opposing counsel had already noted my family is here today this is the this is technically my home circuit and the closest I've ever argued to my hometown so they are taking advantage to come watch the appellate process so thank you for welcoming them everyone in the court we're supposed to be a little easier on you in front of your parents that's no I guarantee they would want you to hold me to task I'm sure in this case the district court correctly dismissed this case for lack of jurisdiction but even if the court concludes that jurisdiction did exist it should still affirm the dismissal under its de novo review for failure to state a claim if we conclude that the district court was wrong on jurisdiction would we send it back for them to address it in the first instance or will we move on and decide it well typically a remand would be required but in this case I don't believe that any facts are at issue that we agree about the factual underpinnings of the case and because you have de novo review you can decide here for the for the circuit whether the if there is jurisdiction whether the agency appropriately appropriately determined that the Adam Walsh Act does apply to pending applications and actually that takes us right to get part and get part is different from the district court decision in this case and that get part in the Ninth Circuit did decide that the district court has jurisdiction to review this predicate legal question but then ultimately decided that the agency's application of the Adam Walsh Act was appropriate as a legal matter and of course we all agree that sort of end up in the same place either way exactly we do except that of course the government feels that the jurisdictional decision by the district court was correct because of this court's decisions in Roland and Lee which the district judge did apply and in court in accordance with those decisions the government would argue that the court consider affirming of course affirming the district courts order for that reason Roland and Lee if I'm remembering it correctly referenced the little I under 1252 which went specific to any action under certain statutes in that case I think it was 1255 here we're under little to which goes to acts in the discretion of the Attorney General correct so since those cases have come out the Supreme Court has had several decisions that would seem to indicate a wider venue of jurisdictional opportunity there I'm thinking of Rodriguez in particular that these what other circuits called predicate legal questions really are ancillary or corollary to any determination of discretion as to whether or not the statute applies a matter of law or not so if that were the case it would seem like that there is a we do have subject matter jurisdiction and if the court would like to wants to distinguish the cases particularly Roland which did rely on Lee in Roland the court was actually looking at 1252 a to b2 as well as here because that was a discretionary issue as well there wasn't the petition filed after yes the act was in place yes it was and the district judge here now of course I want to back up for just a the reasoning is somewhat circular there's no jurisdiction if the Adam Walsh Act applies but you don't know if the Adam Walsh Act applies unless there's jurisdiction to review but let's not forget that the agency entered a decision in this case the agency chose the Adam Walsh Act to apply to pending applications including plaintiffs we're here because the agency already reviewed this and made the legal conclusion in its decision and then first it determined that the Adam Walsh Act applied and then it went entered into a fully discretionary assessment of whether the plaintiff had shown that he posed no risk to the beneficiary and on review the district judge looked at the interplay between 1252 a to b2 and a to d which shows that a predicate legal question like this particularly under this courts jurisprudence that your honor may feel has been changed by or been informed differently by the 1252 a to d showed that just because there's not jurisdiction everywhere doesn't mean there's not jurisdiction anywhere and here there's just simply not jurisdiction under the Administrative Procedure Act to review the agency's decision however upon a petition for review from a final order of removal that any legal questions of law or constitutional challenges to discretionary determinations may be advanced at that time and of course the CFR would be and presuming that the immigration court would be one in this district or in the circuit would ultimately appear back here but all over our jurisprudence we have requirements that people exhaust certain arguments in some places they present certain arguments in other places that we have to sort of check all the boxes we have the right forum and the right time to advance these arguments and here the agency decided that that the Adam Walsh Act applied and so that's why we've come here and that district judge appropriately reviewed the INA the APA and this court's jurisprudence to determine that she did not have jurisdiction to consider it and she never reached the alternative we have jurisdiction and that the terms of the act apply to applications pending at the time of the enactment of the Adam Walsh Act I mean that doesn't that in the case it does the same result would ultimately be just for a different reason the case would still be dismissed because I don't believe that plaintiffs have argued that the no risk determination is somehow subject to even legal or constitutional challenges however there my understanding of their argument is that it's only the predicate legal question as the Ninth Circuit would call it of whether it even applies and of course as your honors have noted the the INA has long required the an applicant or a petitioner for an immigration petition for an immigration benefit to establish eligibility at the time of applying and at the time of adjudication it's a long-standing it's in the regulations 8 CFR 103.2 b1 an applicant or petitioner must establish that he or she is eligible for the benefit at the time of filing the benefit request and must continue to be eligible through adjudication and that was actually prior to that the agency the Board of Immigration Appeals entered one of his published decisions and said the same thing and then it was ultimately added to a regulation and there's no reason to think that this is not that that rule does not apply here so as I've explained even if the court finds jurisdiction does exist it should still nonetheless conclude that the Adam Walsh Act the application of the Adam Walsh Act to pending applications was legally sound it's not actually retroactive anyway the what's your argument about linguistic language of 1254 a one that's made that limited to the filing well I understand that in subsection little I it says it refers to who may file and that current tense sort of according to a plaintiff's argument is implies a prospective application but as your honor already noted in subsection little eight is filed is if I can remember my English classes well enough that's present perfect tense and that refers back to having already been done and since those two work together we must read a statute as a whole of course sorry and also applying the our canons of statutory interpretation that the plain language will apply unless an absurd result is reached an absurd result would say you can't be trying to dictate who may file means that that person is already deciding for themselves whether they pose a risk or not that they shouldn't even bother applying and that also leads to the rule against surplus age that they would not have needed to include this no risk assessment if they did not want petitioners to apply for their applications if they felt that they warranted it or were eligible for it and as I explained it's not actually retroactive it's not undoing any prior adjudication that was already completed the tools are intended to the statutes and as all applications are considered continuing ones even if possible statute and it's applying to cases that have yet to be adjudicated correct I don't see the retroactivity problem but the the other thing you know and I'm just looking globally at what Congress intended to accomplish by these strict about persons who have been convicted of sex offenses with minors taking undue advantage of our immigration laws and particularly the sort of avenues of grace that are provided in those immigration statutes and the other thing is and you know they keep pushing at this but judicial review this is what the Adam Walsh Act amendments specifically wanted was to bring those this this this whole question under the discretionary umbrella of judicial review it is crucial to the immigration laws that we not get into the business of reviewing every discretionary decision between the made by the Department of Homeland Security and an assessment of risk whether someone does or does not pose a risk to a spouse or prospective spouse or prospective petitioner that's got to be if that isn't a discretionary decision I don't know what is no it's I believe in okay I'm sorry I'm forgetting the site but I know that that's sole and unrevealable discretion is about as absolute as we can get so of course when you when you get to that point I believe it's completely out of the jurisdiction of any other reviewing body and agree with you of course and of course as I said before if the court doesn't choose is not to affirm the district judge's decision that there was no jurisdiction to review this matter it may simply continue on to the second step that the district judge don't actually reach but under de novo review and Taylor's decision to the same as get part and of course the government would be satisfied with that as well number one whether we have jurisdiction to determine our jurisdiction yes but I believe the court always has jurisdiction to decide if it has jurisdiction I think we don't have jurisdiction to determine our jurisdiction but if we do have jurisdiction to determine our jurisdiction yes then we lack subject matter jurisdiction because of the discretionary decision below and that's the court's decision enrollment so it is kind of a question of all roads lead to roll you just you you know you you end up at the same spot hmm I agree you end up at the same spot and it's just the court's decision of whether it's based on jurisdiction or the pure jurisdictional question or if it's based on legal challenge error with the petitioner with the climate I think his sole argument is that the Adam Walsh Act does not apply and that's a legal question that we should determine if it applies then we lack jurisdiction to review the determination made the discretionary decision made that would be but the legal question that he argues we have jurisdiction over is does the Adam Walsh Act apply to a pending right petition I understand that and the only reason the district judge decided that there wasn't jurisdiction even to reach that point is basically an extension of Roland and her argument is it applies because this is not whether it applies retroactively is another question but your argument is it applies because this is not retroactive it's a pending petition it hasn't been adjudicated there's no reason to think Congress wouldn't want it applied to petitions which have yet to be adjudicated well right that there's it's it's an unusual perspective I will say of the district judge that Roland precluded all review of anything that was related to an ultimate discretionary decision and that sort of is the first jurisdiction question and then if you get past that there's the Adam Walsh Act application and then there would be another jurisdictional question about this subsequent exercise of discretion which I don't believe anyone argues the court would have jurisdiction to review so I don't mean to confuse the matter I'm asking you why wouldn't it apply if it isn't it the clearest case if the petition is pending and it has not yet been adjudicated and has not yet become final it's a I think Judge Agee alluded to this earlier but there are all kinds of situations where something applies on direct review and it's not thought to be a retroactive application Supreme Court says well you know this applies on direct review you know there hasn't been any thought that this would invoke Teague or some sort of elaborate discussion of retroactivity well I would agree with that unfortunately of course this is that's part of what are the the briefing has led to but I would agree that the retroactivity issue isn't or question really isn't an issue because of long-standing rules about it so this issue is statutory right purely statutory isn't it his argument is that a one I mean little I is clear and doesn't apply to him because he has a pending petition because a one only applies to filing and he'd already filed but that's my understanding little eight applies to petitions that are pending you alluded to the famous present-perfect nobody learns that anymore today thank you my understanding of plaintiff's argument is that that is true that is the best the case except I believe he and I don't mean to put words in plaintiff's counsel's mouth that he would say that subsection eight little eight doesn't change one I under of course feel the other way so if the court has any further questions I'm happy to continue but otherwise we ask the court to affirm the district courts dismissal one way or another thank you I'll be brief I agree with your summary that you have jurisdiction your position is basically a statutory interpretation as to whether the Adam Walsh Act applies based on the language of 1254 and that the court has jurisdiction to make that a 2d for that that's right but all the other arguments about the regulation at 103.2 which says it has to be provable at the beginning and at the end if of course if they got divorced before the petition had been adjudicated then they would have to deny the petition but to deny it based on Adam Walsh Act because there's a regulation that says you're supposed to that only applies if that that's a circular argument they're saying well that assumes the Adam Walsh Act applies and I just want to restress that thing about discretion the whether the petitioner poses a risk in my brief of page 11 and 12 there's Egan versus Weiss another circuit case where he makes a very good distinction between adjustment of status petitions which have a lot of discretion in them and I 130 petitions I 130s are generally not discretionary it's a shall issue statute and the court has the jurisdiction to review agency action on that you would agree if we were to conclude that the Adam Walsh Act does apply to pending petitions then the next question is a matter of discretion that we can't review that's correct and I say that in my brief either the act applies or it doesn't I was just trying to understand the structure of the argument all right yeah well thank you very much for hearing us today thank you come down recouncil move into our final case
judges: J. Harvie Wilkinson III, Paul V. Niemeyer, G. Steven Agee